UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.:

DURANT INTERNATIONAL CORP                                 Chapter 15

    Debtor in a Foreign Proceeding.
_____/

**VERIFIED MOTION FOR ORDER OF RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 AND REQUEST FOR HEARING**

MATTHEW RICHARDSON and KEVIN HELLARD, the joint liquidators of the foreign bankruptcy estate ("Joint Liquidators" or "Foreign Representatives"), for the bankruptcy estate of DURANT INTERNATIONAL CORP ("Durant" or "Debtor"), file this *Verified Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion"). The Motion seeks entry of an Order granting (i) recognition, pursuant to 11 U.S.C. § 1517[1], of the Debtor's court-approved insolvency proceeding ("BVI Liquidation Case") pending before the High Court of Justice of the British Virgin Islands ("BVI Court"); (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief which may be available under the Bankruptcy Code. In support of the Motion, the Foreign Representatives respectfully state as follows:

**PRELIMINARY STATEMENT**

1.    The Foreign Representatives file the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") seeking recognition of the BVI Bankruptcy Case as a "foreign

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

Page **1** of **6**

main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

2. The Declaration of the Foreign Representative Matthew Richardson (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A"**.

3. The Order placing the Debtor in liquidation pursuant to the British Virgin Islands law is attached to the Declaration as Composite Exhibit 1.

4. The Petition, this Motion, and the accompanying Declaration demonstrate that the BVI Bankruptcy Case should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

5. The Foreign Representatives seek the type of relief that Chapter 15 was designed to provide, and the BVI Liquidation Case and this Petition meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 of the Bankruptcy Code.

7. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

8. The British Virgin Islands ("BVI") are the Debtor's center of main interests, as the location of the Debtor's last principal place of business and registered address are the Road Town,

Tortola, BVI, *see* **Exhibit A**, Declaration at ¶¶ #3-5, 34-36.[2]

9. Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, the Debtor has monies held in trust with Sequor Law, P.A..

## BACKGROUND

10. The background on Durant is set forth in the Declaration of Matthew Richardson attached as Exhibit A and such Declaration is incorporated by reference as if fully set forth here.

## BASIS FOR RECOGNITION

11. The Foreign Representatives have satisfied each of the requirements for recognition under Chapter 15 of the Bankruptcy Code, as follows:

(a) The Foreign Representatives qualify as "foreign representatives" under section 101(24) of the Bankruptcy Code by virtue of their appointment as joint liquidators of the Debtor's bankruptcy estate by the BVI Court, which grants them the power to, among other things, (i) carry out the liquidation of the Debtor bankruptcy estate under BVI law; (ii) investigate the business and affairs of the Debtor including conducting discovery of documents and information wherever located; and (iii) pursue available claims for the benefit of the creditors. The Foreign Representatives may file auxiliary insolvency proceedings abroad and be recognized as the foreign representatives for the bankruptcy of the Debtor under the laws of BVI and powers granted to the Foreign Representatives by the BVI Court.

(b) The BVI Liquidation Case qualify as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because it is a judicial proceeding pending in the BVI Court under

---

[2] *See* § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests.").

the bankruptcy laws of BVI for the purpose of liquidation.

(c) The BVI Liquidation Case further qualifies as a "foreign main proceeding" because the BVI Liquidation Case is a foreign proceeding pending in the BVI, which was the Debtor's center of main interest.

(d) Foreign Representatives submit that section 109(a) of the Bankruptcy Code does not apply herein. To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, the Debtor qualifies as a "debtor" under section 109(a) because the Debtor is the subject of a foreign proceeding and has assets in the United States, including a retainer on deposit with Sequor Law, P.A. of US $3,000.

(e) This Motion is accompanied by the BVI Court's orders granting the relief and ordering the liquidation of assets of the Debtor for the benefit of creditors. See **Exhibits A(1)**.

(f) Lastly, this Motion is accompanied by the BVI Court's Orders appointing the Foreign Representatives as joint liquidators in the liquidation proceeding relating to the Debtor. See **Exhibits A(1) and A(2)**. Further, the Statements required by Rule 1515(c) and Fed. R. Bankr. P. 1007(a)(4) are being filed together herewith.

## RELIEF REQUESTED

12. By this Motion, the Foreign Representatives respectfully request an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "B",** granting the following relief:

(a) Recognizing the BVI Liquidation Case as a "foreign main proceeding" and the Foreign Representatives as the foreign representatives of the Debtor;

(b) Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c) Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1) staying (i) the commencement or continuation of any action or proceeding concerning the debtor's assets, rights, obligations or liabilities, (ii) execution against the debtor's assets, and (iii) any right to transfer, encumber or otherwise dispose of any asset of the debtor.

(2) providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor and the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(3) entrusting the administration or realization of all of the assets of the Debtor within the territorial jurisdiction of the United States to the Foreign Representatives;

(4) entrusting the distribution of all or part of the assets of the Debtor located within the United States to Foreign Representatives;

(5) otherwise granting comity to and giving full force and effect to the Orders of the BVI Bankruptcy Court, including, without limitation, those attached as Composite Exhibit 1 to the Declaration; and

(d) granting the Foreign Representatives such other and further relief as this Court may deem just and proper.

## **CONCLUSION**

WHEREFORE, the Foreign Representatives respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

**28 U.S.C. § 1746 VERIFICATION**

I verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Motion is true and correct.

        Executed in Tortola, British Virgin Islands on 10 December, 2019

_____
MATTHEW RICHARDSON
for and on behalf of Durant International Corp– as Joint Liquidator in the BVI Liquidation Case

Dated: December 10, 2019

Respectfully submitted,
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: ggrossman@sequorlaw.com
E-mail: rtorrao@sequorlaw.com

By: */s/ Gregory S. Grossman*
    Gregory S. Grossman
    Florida Bar No. 896667
    Raul Torrao
    Florida Bar No. 1018991